TAYLOR v. CRESCENT CITY MFG. CO.,

Appellant

(March 14, 1927.   Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Automobiles—Par. 4, 4 (b).**

On turning corners chauffeurs should not only hold out their hand as required by the ordinance but make sure that by suddenly turning, they do not drive across the path of another oncoming automobile.
(Civil Code, Rrt. 2315.  Editor's note.)

Appeal from First City Court.   Hon. W. V. Seeber, Judge.

Action by Sam W. Taylor against Crescent City Manufacturing Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

R. E. Kerrigan, of New Orleans, attorney for plaintiff, appellee.

John Unsworth, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.    This is a suit for $105 damages to plaintiff's auto and $48 for 12 days deprivation of the use of said auto.

The plaintiff averred that at about 11 a. m., he was driving up South Claiborne street, when about 30 feet from Gravier street he drove next to the left hand neutral ground curb in order to pass a truck of defendant company running in the center of the street a few feet ahead of plaintiff; he sounded his horn and proceeded to pass the truck on its left, there being ample room; that just as the front of plaintiff's car had passed the left rear wheel of the truck, the chauffeur of the truck suddenly and without extending his arm as provided by Ordinance 7490 and without any warning whatever turned the front of said truck to the left driving it directly in front of plaintiff's car and striking the right running board of plaintiff's car, causing it a damage of $105; that while the repairs were going on for 12 days plaintiff was deprived of the use of his car causing him a damage of $48.

The defendant denied all the allegations of plaintiff's petition.  He answered that he was driving up the left hand side of the street, and when he approached Gravier street he slowed down to about 15 miles an hour and extended his left hand out in a horizontal position as a signal that he intended to turn to the left into Gravier street in the direction of the river; that as his truck had nearly completed the turn into Gravier street he was run into in the rear by the car of plaintiff, who was running at an excessive rate of speed, thereby causing the damage to plaintiff's car.

There was judgment for plaintiff for $115 and defendant has appealed.

There is conflict in the testimony, but after reading it we have come to the conclusion with the trial judge that plaintiff's theory is correct.

It is not disputed that both cars were running up S. Claiborne street in close proximity to each other, and that on reaching Gravier street the defendant's car swerved to the left to turn into the in-

tersection. Plaintiff had reason to believe that the defendant's car would continue in the same direction up the street. When the existence of a certain state of things is established, the law presumes that the state of things will continue to eixst as before. Greenleaf, Ev. S. 41; 16 Cyc. 1052.

The duty rested upon the defendant to inform the plaintiff that he was about to turn into Gravier street. This is made evident by the traffic ordinance which makes it the duty of the chauffeur to hold out his hand.

The defendant should not only give the signal but see that, by suddenly turning, he does not drive across the plaintiff's path. This he evidently did not do, or he would have checked his course. Huddy, p. 300; S. 263, 264, 334, 386, 387, 390.

The trial judge was of the opinion that defendant brought on the collision, and we cannot say that he erred.